# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 26 2020, 10:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Joseph Bradford Reed,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

May 26, 2020

Court of Appeals Case No.
20A-CR-68

Appeal from the Ripley Circuit
Court

The Honorable Ryan J. King,
Judge

Trial Court Cause No.
69C01-1805-F5-21

**Brown, Judge.**

[1] Joseph Bradford Reed appeals his sentence for operating a vehicle as an habitual traffic violator suspended for life as a level 5 felony. We affirm.

*Facts and Procedural History*

[2] On April 8, 2018, Reed operated a motor vehicle on a public road after his driving privileges had been forfeited for life. On May 14, 2018, the State charged Reed under cause number 69C01-1805-F5-21 ("Cause No. 21") with Count I, operating a vehicle as an habitual traffic violator suspended for life as a level 5 felony, and Count II, operating a vehicle as an habitual traffic violator as a level 6 felony.

[3] On August 1, 2018, Reed and the State filed a Joint Motion in Tender of Conditional Negotiated Plea pursuant to which Reed agreed to plead guilty to Count I and the State agreed to dismiss Count II. The plea agreement stated that Reed would be sentenced to six years with three years suspended to probation, and that the sentence would be served consecutive to the sentence of six years with four years suspended to probation for operating a vehicle as an habitual traffic violator suspended for life as a level 5 felony under cause number 69C01-1601-F5-6 ("Cause No. 6"). On the same day, the court entered an order rejecting the plea agreement and scheduling a jury trial.

[4] On December 16, 2019, the court held a hearing. Reed pled guilty to Count I and the State agreed to dismiss Count II. Reed testified that, when he was incarcerated, "it came to me that my poor decisions have been negatively affecting my life as well as others around me, so I didn't have any option but to

try and make change in my life." Transcript Volume II at 12. He testified that he entered the RWI Program, spent ten months in-patient, attended NA meetings, and took numerous electives such as parenting classes, coping skills electives, and anger management. He stated: "I've learned to humble myself and look out for other inmates and be a positive peer." *Id.* at 13. He stated: "I'd get behind a wheel and I'd drive a car to support myself and others and that would be on impulse and I'm very – was very impulsive and I'm trying to change that." *Id.* at 14. He testified that, when he "originally got to Branchville," he was written up for the unauthorized possession of a "clicky ink pen," which was the only write up he had. *Id.* at 15. He stated: "I'm trying to hold myself accountable for my past and come in here today and hold myself accountable for this and, uh, so to speak, close the door to, uh, hopefully open a new perspective." *Id.* at 16. He testified that he was driving to Milan, Indiana, to park the car and "catch a reliable ride to work." *Id.* at 17. He further stated: "No one was hurt, the car was legal, insurance was on the vehicle, I had a seatbelt on, there was no alcohol, no drugs involved. I was simply trying to, uh, function and make money." *Id.* at 17.

[5] In its sentencing order, the court found Reed's lengthy criminal history and his significant history of violating probation as substantial aggravating factors. The court did not find any mitigating factors but noted it did "take the following factors into consideration": the nature of the offense and that Reed was currently serving a five and one-half-year sentence in Cause No. 6. Appellant's Appendix Volume II at 99. At the hearing, the court also mentioned that Reed

was using his time relatively well in the Department of Correction ("DOC"). The court sentenced Reed to five and one-half years in the DOC and suspended two and one-half years to probation.

## *Discussion*

[6] Reed argues that his sentence is inappropriate and requests to be resentenced to a fully suspended sentence. He argues that his offense was a victimless and non-violent traffic offense, he was only driving to work, and his actions in prison show redemptive character.

[7] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term between one and six years, with the advisory sentence being three years.

[9] Our review of the nature of the offense reveals that Reed operated a motor vehicle on a public road after his driving privileges had been forfeited for life. Reed stated he was driving to Milan to eventually go to work.

[10] Our review of the character of the offender reveals that Reed pled guilty to operating a vehicle as an habitual traffic violator suspended for life as a level 5 felony. At the hearing, Reed stated he had improved himself while incarcerated. The presentence investigation report ("PSI") indicates that Reed reported being employed as a laborer/operator in Milan prior to his incarceration. Reed reported having two biological children and that a DCS case had been opened on them. He reported that he last consumed alcohol in 2009, smoked marijuana on and off for several years until 2009, experimented with cocaine, LSD, and methamphetamine, last used methamphetamine in September 2016, had no substance abuse treatment or counseling, attended CMHC for an evaluation, and attended AA meetings after being convicted for his DUIs.

[11] As a juvenile, Reed was alleged to have committed battery resulting in bodily injury as a class A misdemeanor if committed as an adult and was placed on an informal adjustment. He was also found delinquent for receiving stolen property and battery resulting in bodily injury. As an adult, Reed was convicted of minor consumption as a class B misdemeanor in 1998. He was charged with minor consuming alcohol as a class C misdemeanor and driving while suspended as a class A misdemeanor and was sentenced in 1999 to sixty days with fifty days suspended and 180 days probation. In 1999, he was charged with minor consumption as a class C misdemeanor and entered pre-trial diversion. He was convicted of two counts of minor consuming alcohol as class C misdemeanors in 1999; resisting law enforcement as a class A

misdemeanor and public intoxication as a class B misdemeanor in 2002; domestic battery as a class A misdemeanor, public intoxication as a class B misdemeanor, and two counts of criminal mischief as class A misdemeanors in 2004; operating while intoxicated endangering a person and possession of paraphernalia as class A misdemeanors in 2005; operating a vehicle while intoxicated and intimidation as class D felonies in 2006; domestic battery as a class A misdemeanor in 2009; possession of chemical reagents or precursors with intent to manufacture as a class C felony and two counts of operating a vehicle as an habitual traffic violator as class D felonies in 2012; possession of a device or substance used to interfere with drug or alcohol screening as a class B misdemeanor in 2016; and operating a vehicle after forfeiture of license for life as a level 5 felony under Cause No. 6 in 2018. The PSI also indicates Reed has at least ten known misdemeanor convictions and at least six known felony convictions, has been found in violation of probation at least ten times, had his probation terminated on four occasions, and had two pending offenses in Ohio.

[12] The PSI further provides that Reed's overall risk assessment score using the Indiana Risk Assessment System places him in the high risk to reoffend category. It states that a community corrections coordinator conducted a Home Detention Eligibility Application on Reed and "[p]ursuant to Local Presumptive Criteria, it was determined [Reed] is not eligible for Home Detention due to having two active warrants out of Hamilton County Ohio." Appellant's Appendix Volume II at 94.

[13] After due consideration, we conclude that Reed has not sustained his burden of establishing that his sentence of five and one-half years with two and one-half years suspended to probation is inappropriate in light of the nature of the offense and his character.[1]

[14] For the foregoing reasons, we affirm Reed's sentence.

[15] Affirmed.

Najam, J., and Kirsch, J., concur.

---

[1] To the extent Reed argues the court abused its discretion in failing to find that he would respond positively to probation, he had changed his character and attitude, his acceptance of responsibility, and his guilty plea as mitigators, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*. Even if we were to address Reed's abuse of discretion argument, we would not find it persuasive in light of the record including his extensive criminal history and violations of probation.